Matter of King v Simpson (2023 NY Slip Op 02559)

Matter of King v Simpson

2023 NY Slip Op 02559

Decided on May 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 153895/23 Appeal No. 349 Case No. 2023-02226, 2023-02230 

[*1]In the Matter of Andy L. King, Petitioner-Respondent,
v
Allison Simpson et al., Respondents-Appellants, The City of New York, Intervenor-Appellant.

William G. Forero, Bronx, for Allison Simpson, appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Druker of counsel), for The City of New York, appellant and (Susan Paulson of counsel), for The Board of Elections in the City of New York, appellant.
Ali Najmi, New York and Laurence D. Laufer, Mount Tremper, for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about May 4, 2023, which granted the petition to validate, unanimously reversed, on the law, without costs, and the petition denied.
Petitioner Andy L. King was elected to two full terms on the New York City Council, first in 2013 and then in 2017. King's second term was brought to a premature end in October 2020, when the Council voted to expel King. In 2023, King sought to run for another term, but the Board of Elections found him ineligible for office. Because King had been "removed from office" during his second full term, he was deemed to have served that term (NY City Charter § 25 [a]). Thus, the term limits of New York City Charter § 1138 (a) precluded his candidacy.
The Board of Elections properly construed "member of the council who . . . is removed from office" (NY City Charter § 25 [a]) to include a council member who is expelled by vote of the council (see NY City Charter § 45). This interpretation is consistent with the common meaning of "remove" (see Black's Law Dictionary 1550 [11th ed 2019]; Merriam-Webster.com Dictionary, remove [https://www.merriam-webster.com/dictionary/remove] [last accessed May 10, 2023]). Given that there is no process formally referred to as "removal" of a council member, and no senior official has the ability to dismiss a member from office, King's interpretation would effectively read this term out of the charter (see e.g. Matter of Mestecky v City of New York, 30 NY3d 239, 243 [2017] ["We have recognized that meaning and effect should be given to every word of a statute and that an interpretation that renders words or clauses superfluous should be rejected" [internal quotation marks omitted]). Therefore, Supreme Court should have denied the petition to validate.
Accordingly, the order is reversed, the petition is denied, and the proceeding is dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2023